UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

SHERRON KIRKWOOD, 06B3331,

        Petitioner,

    -v-                               09-CV-6591CJS
                                        **ORDER**
ANDREW CUOMO, DAVID UNGER,

        Respondent.

───────────────────────────────

    Before the Court is petitioner's *pro se* motion (Docket No. 6) to stay his petition in order to permit him to exhaust his remedies regarding certain claims which are presently unexhausted in state court.

    It appears some of petitioner's grounds are unexhausted because, although petitioner appears to have presented his grounds to the appropriate courts, he is still awaiting final decision on some of them in the state courts. He currently has pending one or more appeals to the Appellate Division, Fourth Judicial Department. Because the petition at issue herein appears to be a mixed habeas petition containing both exhausted and unexhausted claims, the Court may not grant it. 28 U.S.C. § 2254(b)(2). However, if the Court were to dismiss the entire petition without prejudice to petitioner's refiling it after petitioner has exhausted all of his claims, he may find himself barred by the applicable statute of limitations. 28 U.S.C. § 2244(d)(1). For these reasons, the Court will dismiss

petitioner's unexhausted claims and stay the exhausted claims. *See* Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), *cert. denied sub. nom.* Fischer v. Zarvela, 534 U.S. 1015 (2001), which held that a court presented with a mixed petition may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" subject to certain time limitations. Zarvela, 254 F.3d at 381. The exercise of such discretion is appropriate, the Zarvela Court held, "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'" *Id.*, at 380 (quoting Freeman v. Page, 208 F.3d 572, 577 (7th Cir. 2000)). Subsequent to the Zarvela decision, the Supreme Court held in Duncan v. Walker, 531 U.S. 991 (2001), that the pendency of a federal habeas corpus proceeding does not toll the one-year statute of limitations imposed on state prisoners' habeas corpus proceedings by 28 U.S.C. § 2244(d). The Supreme Court's limitation of the statute's tolling provision to state proceedings counsels in favor of an approach protective of petitioner's access to federal court.

Accordingly, this Court will exercise its discretion to stay proceedings with respect to petitioner's exhausted claims, and to dismiss without prejudice his unexhausted claims. If petitioner finishes presenting the unexhausted claims to the appropriate state courts and returns to this Court within the time limits set forth below, he will be permitted to amend his petition to

reinstate the claims and such amendment will relate back to the date of the original petition. *See* Zarvela, 254 F.3d at 381-382.

This stay is conditioned on petitioner's continuation of his efforts to exhaust his unexhausted claims, and his return to the district court within 30 days of the completion of the effort to exhaust. If either condition of the stay is not met, this stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed if it is not still timely. *See id*. Accordingly,

IT HEREBY IS ORDERED, that to the extent petitioner's claims in his petition are unexhausted, the claims are dismissed without prejudice subject to the condition that petitioner continue efforts to exhaust these claims, and that petitioner return to this Court within 30 days of the completion of the effort to exhaust;

FURTHER, that this petition is stayed pending petitioner's exhaustion of the dismissed claims.

**SO ORDERED.**

S/ MICHAEL A. TELESCA
MICHAEL A. TELESCA
United States District Judge

Dated: January 22, 2010
Rochester, New York